## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NEW JERSEY BUILDING LABORERS'
STATEWIDE PENSION FUND AND
TRUSTEES THEREOF,

      *Plaintiff,*

      v.

DEMZA MASONRY LLC,

      *Defendant.*

Civil Action No.: 18-cv-09607 (PGS) (LHG)

**MEMORANDUM
AND ORDER**

**SHERIDAN, U.S.D.J.**

      This matter comes before the Court on a motion for summary judgment filed by Plaintiffs New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof and New Jersey Building Laborers' Statewide Benefit Funds and Trustees Thereof (together, "Plaintiffs") (ECF No. 23) and on a cross motion for summary judgment filed by Defendant Demza Masonry, LLC ("Defendant") (ECF No. 22).  In this action, Plaintiffs are seeking to recover from Defendant delinquent contributions to an employment benefit plan and withdrawal liability pursuant to the Employee Retirement Income Security Act ("ERISA").  Both parties have moved for summary judgment with respect to these issues.

      According to the District of New Jersey's Local Rules:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. **A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.**  The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of

the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers. Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

L.Civ.R. 56.1(a) (emphasis supplied). Here, Defendant failed to file a statement of material facts not in dispute with its cross motion for summary judgment. (*See* ECF No. 22). L.Civ.R. 56.1(a) is clear that failure to do so warrants denial of the motion. *Id.* ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."); *see also Stagno v. Nelson*, No. CV131552MASTJB, 2014 WL 12601052, at *1 (D.N.J. Feb. 26, 2014) (denying summary judgment motion without prejudice to file a future summary judgment motion where the defendant failed to file a statement of undisputed material facts); *Patrick v. Am.'s Servicing Co.*, No. CIV. 2:14-6563 WJM, 2015 WL 1759567, at *4 (D.N.J. Apr. 17, 2015) ("[S]ummary judgment must be denied because [plaintiff] has failed to include a statement of undisputed material facts with his motion.").

Defendant also failed to respond to Plaintiff's statement of undisputed material facts. (*See* ECF No. 24). Plaintiff's motion for summary judgment properly includes a Statement of Material Facts Not in Dispute ("SMFND") in compliance with Local Civil Rule 56.1(a). (ECF No. 23-3). In opposition, Defendant failed to file a responsive statement of material facts, as required under L.Civ.R. 56.1(a). Rather, Defendant's opposition brief merely includes a cherry-picked list of nine of the eighty-nine paragraphs set forth in Plaintiff's SMFND of which

Defendant purports to be undisputed. (*See* Defendant's Opp. Br. at 5, ECF No. 24). Defendant's response is deficient. *See* L.Civ.R. 56(a)(1) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion.").

**ORDER**

Having carefully reviewed and taken into consideration the submissions of the parties, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 10th day of October, 2019,

**ORDERED** that Defendant's cross motion for summary judgment (ECF No. 22) is **DENIED** without prejudice to its ability to file a future summary judgment motion in compliance with the Local Rules; and it is further

**ORDERED** that Defendant shall serve and file with seven (7) days of this Order a responsive statement of material facts in accordance with the Local Rules.


_____
PETER G. SHERIDAN, U.S.D.J.